**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE | : | **CHAPTER 7** |
| | : | |
| **TRANSWITCH CORPORATION** | : | **CASE NO. 13-51829 (ahws)** |
| **DEBTOR** | : | |
| | : | **FEBRUARY 18, 2014** |

**TRUSTEE'S MOTION TO SELL ESTATE'S ASSETS AT PUBLIC AUCTION**
**FREE AND CLEAR OF LIENS**

The undersigned, Ronald I. Chorches, the chapter 7 trustee (the "Trustee") for the above-captioned bankruptcy estate, pursuant to 11 U.S.C. §363(h), hereby requests authorization of this Court to conduct a public auction as specified herein.

In support of this motion, the Trustee represents as follows:

1.      On November 21, 2013 (the "Petition Date"), TranSwitch Corporation ("TranSwitch" or the "Debtor") commenced these proceedings by filing a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code.

2.      Ronald I. Chorches is the duly qualified and acting trustee of this estate.

3.      This case is presently pending in the District of Connecticut, at Bridgeport.

4.      On the Petition Date, the Debtor was a leading provider of semiconductor solutions in the rapidly growing consumer electronics and telecommunications markets.  It focused its business on next-generation multimedia intellectual property ("IP"), HDTV, and 3DTV. TranSwitch designed and developed innovative silicon integrated circuits and intellectual property solutions.  TranSwitch primarily served the broadband wireless and wireline market.

5.      TaranSwitch is comprised of two distinct businesses: Telecom and High Speed Interconnect.  The Telecom business is comprised of the Telecom Products (IC and Software) and Telecom Patents.   The High Speed Interconnect business is comprised of the High Speed

Interconnect Products (IC and Software), the High Speed Design IP, and the High Speed Interconnect Patents.  Each of these assets is separate and distinct and has separate value to this estate in these liquidation proceedings.

6.      On the Petition Date, the Debtor had electronic test and measurement equipment, telecommunications equipment, information technology equipment, component inventory, and office furniture (collectively, the "Equipment") located as its leased premises in Fremont, California.

7.      The Equipment will be sold in a Global Online Auction (the "Auction").  The Auction will be conducted over approximately three days, including one day of on-site preview.

8.      The Trustee has moved to appoint Silicon Valley Disposition, Inc. ("SVD") as his auctioneer, which he believes will be able to produce active bidders in the technology sector for the Equipment.

9.      The proposed terms of the Auction are as follows:

   a.  Date, Time and Location:
       March 10, 2014 at 9:00 a.m. EDT to March 11, 2014 at 5:00 p.m. EDT
       Since this is a Global Online Auction, the location will be online at:
       https://svdisposition.auctionflex.com/showbuyer.ap?co=60686&action=new&lang=en

   b.  Inspection:  On March 9, 2014, there will be an open house for prospective Auction bidders at 215 Fourier Ave., Fremont, California by appointment only between 9:00 a.m. and 5:00 p.m.  Any visitors must be accompanied by an SVD representative.

   c.  Auctioneer:
       Silicon Valley Disposition, Inc.
       38 South B Street
       Suite 205
       San Mateo, California
       Tel: (650) 678-3299
       Attn: John Carroll

    d.   <u>Inquiries</u>:  All inquiries shall be made to SVD or to Ronald I. Chorches, Trustee, 449 Silas Deane Highway, Wethersfield, CT 06109, Tel: (860) 563-3955/Facsimile (860) 513-1577.

    e.   <u>Minimum bid</u>:  Some lots may have a minimum bid or reserve price, as determined by the Trustee and SVD in their reasonable discretion, which shall be set before March 9, 2014.

    f.   <u>Removal</u>:  The successful bidder shall be fully responsible for removing all Equipment purchased after full payment thereof.  The Equipment may not be removed from the site without full payment.  The successful bidder must provide a certificate of insurance prior to the removal with adequate liability limits prior to removal of any Equipment.

    g.   <u>Timing of removal</u>:  All Equipment purchased by the successful bidder must be removed within three business days of the auction sale.  Removal will be by appointment only with a representative of SVD onsite. The site will be made available for a one-day period opening at 9:00 a.m. and closing at 5:00 p.m., Monday through Friday, excepting Saturdays, Sundays, and legal holidays.  The bidder will be responsible for all damages caused by the bidder, its carrier, or its agents.

    h.   <u>Terms</u>:  All Equipment shall be sold as in one or more lots as determined by SVD. The Equipment is being sold on an "as-is, where-is" basis. The Equipment is being sold subject to any defects, if any.  The Trustee and his agents make no representations of condition, fitness, or marketability of the Equipment.

    i.   <u>Discretion of Trustee</u>:  The Trustee shall have the discretion to accept or reject any bid unless it has no reserve price or the bid price exceeds the reserve price.

<u>**SALE FREE AND CLEAR OF LIENS**</u>

10.    The Trustee requests authorization to sell the Equipment at the Auction free and clear of liens, claims, encumbrances, and interest (collectively, "Liens").  United States Bankruptcy Code § 363(f) authorizes a debtor or trustee to sell property under § 363 (b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

    a.   Applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

    b.   Such entity consents;

c.  Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d.  Such interest is in bona fide dispute; or

e.  Such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

11.  Applicable case law provides that a sale of a debtor's assets free and clear of all liens, claims, encumbrances, and interests is permissible under Sec. 363(f) as long as the liens, claims, encumbrances and interests attach to the proceeds of the sale. *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000) ("the holdings of the courts suggest that any interest in property that can be reduced to a money satisfaction constitutes a claim for purposes of Sec. 363(f) and, therefore, attaches to the proceeds of the sale."); *see* 11 U.S.C. § 363(f); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (§ 363(f) is written in the disjunctive; court may approve sale "free and clear" provided at least one of the subsections is satisfied).

WHEREFORE, the Trustee requests that the Court enter an order authorizing the sale of the Debtor's Equipment at a public auction free and clear of liens as specified above.

Dated at Wethersfield, Connecticut this 18th day of February, 2014.

RONALD I. CHORCHES, TRUSTEE

By  __/s/  Ronald I. Chorches_____
    Ronald I. Chorches, Trustee
    Fed. Bar #08720
    Law Offices of Ronald I. Chorches, LLC
    449 Silas Deane Highway - 2nd Floor
    Wethersfield, CT 06109
    Phone:  (860) 563-3955  / Fax:  (860) 513-1577
    E-mail   ronaldchorches@sbcglobal.net