**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| | : | |
| TRANSWITCH CORPORATION | : | CASE NO.  13-51829-jam |
| DEBTOR | : | |
| | : | MAY 4, 2018 |

**TRUSTEE'S AMENDED  RESPONSE TO COURT'S
ORDER TO SHOW CAUSE**

Ronald I. Chorches, the chapter 7 trustee (the "Trustee"), hereby respectfully responds to this Court's April 5, 2018 Order to Show Cause Why the Court Should Not Enter an Order Sanctioning Chapter 7 Trustee For Failure to File Interim Report.

1.  On February 27, 2018 this Court held a Status Conference relating to the Trustee's Status Report which was filed on December 15, 2017, Doc. ID No. 760.  During the hearing the Court expressed concerns about the amount of bank fees that were being withdrawn from the estate on a monthly basis and inquired as to when the Trustee could close this estate.  Though the Trustee was close to being able to file a Final Report, there were still a few more assets to be liquidated, and therefore the Trustee advised the Court that he could do an Interim Report in approximately 30 days. The Court set a date of March 30, 2018 for the Interim Report to be filed with the Office of the United States Trustee (the "UST").

2.  During the Status Conference the Court inquired and the Trustee explained  the process of filing an Interim Report which procedurally is similar to filing  a Final Report with the UST.  It was explained that the Interim Report gets filed by the Trustee with the UST who typically takes approximately sixty (60) days to review and approve the Interim Report.  Once the Interim Report

is approved it is then docketed by the UST (not the Trustee) and the Bankruptcy Court sets a Notice of Contested Mater Response Date giving creditors approximately twenty (20) days to file objections. If no objections are filed the Court will subsequently enter an Order on the Interim Report. It is not until that order enters that the Trustee is authorized to make distributions to creditors.

3. On March 30, 2018 the Trustee filed his Interim Report with the UST. A copy of the email forwarding the Interim Report is attached hereto.

4. The Trustee listened to the audio of the Status Conference multiple times. The Court clearly ordered the Trustee to file the Interim Report with the UST by March 30, 2018. While it is somewhat confusing because procedure is being discussed on how the Interim will be processed with the UST, it does appear that the Court does not order the Trustee to file the Interim Report on the Court docket, but the Trustee does volunteer to file a Notice on the docket.

5. The UST does not want an Interim Report or a Final Report to be filed on the docket by the Trustee because it has not yet been reviewed or approved as required. It is not uncommon for the UST to require changes or edits which will effect the distribution to creditors. Had the Trustee thought that the Court wanted the Interim Report filed on the Court docket he would have notified the Court at the time of the hearing of the UST's protocol of not having Final or Interim Reports filed on the docket until the report is approved by the UST.

6. Upon going back and listening to the hearing on the Status Report the Trustee believes that there may be some confusion relating to a new event that was created by the Court for the filing of interim reports. The new event is titled Interim Report and negates the need to use the Final Report event when docketing interim reports. During the hearing when the Trustee volunteered to

file a Notice on the docket the Court advises him that there is a new event, called Interim Report that can be used by any trustee. It is the Trustee's belief that this event can only be used by the UST after review and approval of a trustee's Interim Report.

7. When agreeing to the March 30, 2018 deadline to file the Interim Report the Trustee completely underestimated the time commitment and the work it would take to complete the Interim Report by the Deadline. The Trustee put substantial time and effort and worked numerous hours and weekends to ensure the Interim Report was filed by the due date. By completing the Interim Report the Trustee fell behind on other matters in his office which he needed to catch up before leaving on April 6, 2018 to visit a school out of state with his son. After completing the Interim Report the Trustee knew that he still had to file a Notice of Compliance on the docket.

8. In determining the timing of filing his Notice of Compliance or Stats Report, while unfortunately he did not go back and listen to the audio of the Status Report, the Trustee referenced the Court's February 27, 2018 docket entry which reads "Hearing Held; Interim Report Due by March 30, 2108 and to be filed with the United States Trustee's Office." While the Trustee acknowledges that the docket entry can be read two different ways, at the time he interpreted that entry to read that he had a March 30, 2018 deadline to file his Interim Report with the UST.

9. On April 5, 2018 the Court entered its Show Cause Order. On April 5, 2018 the Trustee filed his Status Report with a draft of a Proposed Distribution. While the filing of the Status Report may appear reactionary to the Show Cause Order, the Trustee had planned to file the same before leaving the state with his son on April 6, 2018.

10. On March 30, 2018, having committed substantial time and effort in order to meet the March 30, 2018 date, the Trustee believed that he had met the Court's deadline and instructions

when filing said report with the UST.  Though, after listening to the audio of the February 27, 2018 court hearing the Trustee acknowledges that he volunteered to file the Notice of compliance, and should have filed said Notice, or his Status Report, on March 30, 2018.

    11.  The Trustee submits that there was no intent to disobey any Court Order or requirement imposed upon him by this Court, and for that reason the Trustee respectfully requests that sanctions are not issued by the Court.

                      RESPECTFULLY SUBMITTED

            By   */s/ Ronald I. Chorches*
               Ronald I. Chorches, Esq.
               Fed. Bar # ct08720
               Law Offices of Ronald I. Chorches, LLC
               449 Silas Deane Highway - 2nd Floor
               Wethersfield, CT 06109
               Phone: (860) 563-3955
               E-mail ronaldchorches@sbcglobal.net

ɔnald chorches, Trustee

| | |
|---|---|
| From: | Ronald chorches, Trustee <ronaldchorches@sbcglobal.net> |
| Sent: | Friday, March 30, 2018 1:09 PM |
| To: | TFR Submission (USTP.Region02.TFR@usdoj.gov) |
| Cc: | McCabe, Kim (USTP) (Kim.McCabe@usdoj.gov) |
| Subject: | INTERIM 0551351829 TRANSWITCH TFR CHORCHES |
| Attachments: | INTERIM 0551351829 TRANSWITCH TFR CHORCHES.PDF; INTERIM 0551351829 TRANSWITCH FA-ATTORNEY CHORCHES.pdf; INTERIM 0551351829 TRANSWITCH FA-TRUSTEE CHORCHES.pdf; INTERIM 0551351829 TRANSWITCH FA-ORDER CHORCHES.pdf; 0551351829 Transwitch Tax Letters Chorches.pdf; 0551351829 TRANSWITCH BST CHORCHES.pdf |

Ronald I. Chorches
Trustee

Ronald I. Chorches, Trustee
Law Offices of Ronald I. Chorches, LLC
449 Silas Deane Highway-2nd Floor
Wethersfield, CT  06109
Phone:  (860) 563-3955
Fax:    (860) 513-577

1